

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Samantha Schonfeld
Administrative Law Division
Phone: (212) 356-2183
Facsimile: (212) 356-2019
sschonfe@law.nyc.gov

December 10, 2025

**BY ECF**
Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*[Handwritten annotation: The Court modifies its 12/10/25 scheduling order. Responsive papers on the motion for a preliminary injunction are due 12/23/25. Reply papers are due 12/30/25. Answer or motion to [dismiss] due 2/22/26. So ordered. /s/ JGKoeltl 12/11/25 U.S.D.J.]*

Re: Maplebear Inc. d/b/a Instacart v. City of New York et al
Civil Action No.: 1:25-cv-09979

Your Honor:

    I am an attorney in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, counsel for defendants in the above-referenced action. In accordance with Your Honor's Individual Practices Section I(C), I respectfully request that defendants' time to oppose plaintiff's application for a preliminary injunction be extended ten (10) days, from December 19, 2025 to December 29, 2025. Defendants further request that their time to answer or otherwise respond to the Complaint be extended sixty (60) days, from December 24, 2025 to February 22, 2026. Plaintiff's counsel does not consent to these requests.

    In this action, plaintiff asserts multiple legal claims challenging five different Local Laws that go into effect on January 26, 2026. These Local Laws, among other things, extend the existing minimum pay rate for third-party food delivery workers to third-party grocery delivery workers. Plaintiff claims that the Local Laws: (1) are preempted by both Federal and State Law; (2) violate the dormant Commerce Clause; and (3) are an improper delegation of the New York City Council's legislative authority.

    Defendants request additional time to oppose the preliminary injunction motion and to respond to the Complaint. As an initial matter, plaintiff could have commenced this lawsuit months ago, yet waited until the eleventh hour to file its application for injunctive relief. On July 14, 2025, Local Law 124 of 2025--the primary Local Law at issue in this action--passed with a

veto-proof majority. On September 10, 2025, New York City Mayor Eric Adams' veto was overridden. Thus, plaintiff was aware, as early as mid-July and no later than mid-September, that the Local Laws would take effect on January 26, 2026. Yet, plaintiff waited at least three months, and likely longer, to commence this lawsuit and is now claiming that time is of the essence.

Defendants submit that they should be afforded an adequate amount of time to oppose the preliminary injunction motion, which is supported by a 33-page memorandum of law and multiple declarations and exhibits, and to respond to the Complaint as this lawsuit raises complex legal claims that attack five different laws. Defendants must investigate the allegations set forth in plaintiff's papers and, further, need time to confer with relevant employees and City officials, some of whom are unavailable at different times during the holiday season.

This is defendants' first request for an extension of time to oppose plaintiff's preliminary injunction motion and to answer or otherwise respond to the Complaint. Plaintiff's counsel does not consent to these requests because they profess a concern that the Court will not have an adequate amount of time to consider the issues and rule on the preliminary injunction motion before the Local Laws go into effect on January 26, 2026. However, should the Court grant defendants' limited 10-day extension request to respond to the preliminary injunction motion, defendants' opposition papers will be submitted before the end of the year.

Accordingly, defendants respectfully request that their time to oppose plaintiff's application for a preliminary injunction be extended ten (10) days, from December 19, 2025 to December 29, 2025 and that their time to answer or otherwise respond to the Complaint be extended sixty (60) days, from December 24, 2025 to February 22, 2026.

This request will not impact any scheduled dates. Thank you for your consideration of this request.

Respectfully submitted,

/s/ Samantha Schonfeld

Samantha Schonfeld
Assistant Corporation Counsel

cc:   All Counsel (via ECF)