UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAPLEBEAR INC., D/B/A/ INSTACART,

                    Plaintiff,

      - against -

CITY OF NEW YORK, ET AL.,

                    Defendants.

---

25-cv-9979 (JGK)

MEMORANDUM OPINION AND
ORDER

JOHN G. KOELTL, District Judge:

On December 2, 2025, the plaintiff, Maplebear Inc., which does business as "Instacart," moved for a preliminary injunction preventing the defendants from enforcing a set of local regulations (the "Local Laws"). ECF No. 7. On January 22, 2026, the Court denied Instacart's motion on the ground that Instacart had failed to show that it was likely to succeed on the merits, that it would suffer irreparable harm in the absence of interim relief, or that the equities favored preliminary relief. ECF No. 40. On January 26, 2026, the plaintiff moved for an injunction pending the appeal of the denial of the plaintiff's motion for a preliminary injunction. ECF No. 44.

A party seeking an "order suspending, modifying, restoring, or granting an injunction while an appeal is pending" "must ordinarily move first in the district court" for relief. Fed. R. App. P. 8(a)(1). "Under Rule 62 of the Federal Rules of Civil Procedure, '[w]hile an appeal is pending from an interlocutory order ... [that] denies an injunction, the court may suspend, modify, restore, or grant an injunction.'" Dexter 345 Inc. v.

Cuomo, No. 11-cv-1319, 2011 WL 1795824, at *3 (S.D.N.Y. May 3, 2011) (alterations in original), aff'd, 663 F.3d 59 (2d Cir. 2011); see also Fed. R. Civ. P. 62(d). In deciding whether to grant a stay or an injunction pending an appeal, a court must consider "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." LaRouche v. Kezer, 20 F.3d 68, 72 (2d Cir. 1994) (quoting Hirschfeld v. Bd. of Elections, 984 F.2d 35, 39 (2d Cir. 1993)).

As for irreparable harm, Instacart contends that "the posture here — seeking an injunction pending appeal to the Second Circuit — warrants focusing specifically on the harms that will attach during the appeal itself and that cannot be undone if Instacart ultimately prevails." Mem. Supp. Pl.'s Mot. for Inj. Pending Appeal ("Inj. Mot.") 1, ECF No. 45. But Instacart does not focus on any new harms unique to the current procedural posture. It instead again claims that "[t]he Local Laws at issue will require Instacart to abandon the open, on-demand marketplace features that attract shoppers and consumers to its platform in the first place ... and replace them with 'gating,' access windows, caps on who can be online, and heightened pressure or requirements to accept a high percentage of batches." Id. at 1-2.

2

These are the same alleged harms that the Court found speculative and insufficiently substantiated by record evidence in its Memorandum Opinion and Order denying Instacart's motion for a preliminary injunction. See Mem. Op. & Order 29-30, ECF No. 40 (claims that "[t]he Local Laws will ... deprive Shoppers of the 'freedom to work on their own terms,'" and that "customers will see higher fees, fewer options, and worse services as a consequence" were "speculative and ... not borne out by the record").

Instacart also argues that it "did not 'substantial[ly] delay in moving for preliminary relief'" because "the Department of Consumer and Worker Protection was still undertaking rulemaking to implement the Local Laws until the end of 2025." Inj. Mot. 2. Whether the rulemaking had concluded is irrelevant, however, because Instacart has never focused on the resulting administrative rules in its motion for an injunction. It has instead targeted the Local Laws themselves. Indeed, Instacart claims that "[t]he final rule implementing the legislation was not announced until after briefing on the motion for a preliminary injunction was well under way." Id. at 3. But that observation undermines Instacart's argument because it shows not only that Instacart could have sought a preliminary injunction before any final rulemaking concluded, but that it in fact did so.

Furthermore, Instacart's irreparable-injury argument ignores the second factor in the analysis — whether issuing an injunction

3

pending appeal would cause irreparable injury to the defendants. Yet it is well-established that "[a]ny time a State" — or, as here, one of its political subdivisions — "is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." Maryland v. King, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers); see also New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers) (same). Enjoining the defendants from "employ[ing] a duly enacted statute to help" promote the welfare of certain independent contractors in New York City would cause the defendants "irreparable harm." See King, 567 U.S. at 1303.

Instacart also asserts, without elaboration, that "it is likely to succeed on the merits for the same reasons set forth in the papers accompanying its motion for a preliminary injunction." Inj. Mot. 4. However, for the same reasons Instacart failed to show a likelihood of success on the merits in its original motion, it has failed to show a substantial possibility of success on appeal. Instacart insists that it is nonetheless entitled to an injunction pending appeal because it has identified "complex ... constitutional issues" and there is "the possibility that part or all of [the Court's] decision may be reversed on appeal." Id. (quoting 500 N. Ave. LLC v. City of Bridgeport, No. 10-cv-1281, 2012 WL 1067649, at *14 (D. Conn. Mar. 30, 2012)) (second alteration in original). But that is not the standard.

4

Instacart must show that there is a substantial possibility of success on appeal, which it has not done.

Finally, Instacart makes no mention the public interest, let alone how issuing an injunction pending appeal would advance it. In any event, as explained in the Memorandum Opinion and Order denying Instacart's motion for a preliminary injunction, issuing interim relief enjoining the defendants from enforcing the Local Laws would not promote the public interest. Mem. Op. & Order 33-34.

The Court has considered all the arguments raised by the parties. If any argument was not specifically addressed, it is either moot or without merit. For the foregoing reasons, Instacart's motion for an injunction pending appeal is **denied.**

The Clerk is respectfully instructed to close ECF No. 44.

**SO ORDERED.**

**Dated:**    **New York, New York**
**February 2, 2026**

John G. Koeltl
United States District Judge

5